# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**PAUL CRISWELL**                                                                                         **PLAINTIFF**

v.                              No: 4:21-cv-00537-JM-PSH

**RODNEY WRIGHT,** *et al.*                                                                        **DEFENDANTS**

## ORDER

Before the Court is a motion filed by Plaintiff Paul Criswell ("Plaintiff") asking the Court to reconsider an Order entered by Magistrate Judge Patricia S. Harris denying his motion proceed as a class action under Fed. R. Civ. P. 23 (Doc. No. 15). Plaintiff's motion is DENIED; he has not met the requirements for class certification.

"One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, *and* (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a) (emphasis added). An action may be maintained as a class action only when *all* of the prerequisites of subdivision (a) are satisfied. Plaintiff has the burden of showing that the claimed class should

be certified and that the requirements set forth above are met. *See Ebert v. General Mills, Inc.*, 823 F.3d 472 (8th Cir. 2016).

Plaintiff defines the class as "all inmates brought into the detention center from March 17 until present." Doc. No. 15 at 1. However, he provides no further information regarding the class and offers no evidence to support a finding that the class he seeks to certify is so numerous that joinder of all members is impracticable.

Plaintiff also fails to offer evidence to support a finding that issues common to the class predominate over issues that differ among individual members of the class. It is not yet clear what injury each proposed class member may have suffered, if any.[1] In fact, Plaintiff has been ordered to amend his complaint to clarify his claims. *See* Doc. No. 10. Additionally, while the alleged lack of Covid precautions may be common to all class members, the Prison Litigation Reform Act requires each prisoner to exhaust available administrative remedies before filing suit in federal court. *See* 42 U.S.C. §1997e(a). That determination must be made with respect to each class member on an individual basis.

---

[1] Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation. *See Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (citing *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978)); 42 U.S.C. § 1997e(e) (requiring a prisoner to show an actual physical injury as opposed to mental or emotional injury to sustain a claim for compensatory damages).

Finally, Plaintiff has not shown that he can effectively represent the interests of other inmates as a *pro se* inmate. *See e.g., Allnew v. City of Duluth,* 983 F. Supp. 825, 831 (D. Minn. 1997) ("Ability to protect the interests of the class depends in part on the quality of counsel, . . . and we consider the competence of a layman representing others to be clearly too limited to risk the rights of others.") (quoting *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975) (internal citations omitted)).

For these reasons, Plaintiff has not met his burden to show that the class should be certified and his motion to reconsider (Doc. No. 15) is DENIED.

IT IS SO ORDERED this 28th day of July, 2021.

_____
UNITED STATES DISTRICT JUDGE