## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**PAUL CRISWELL**                                              **PLAINTIFF**

**v.**                    **No: 4:21-cv-00537-JM-PSH**

**RODNEY WRIGHT, *et al.***                          **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody Jr.   You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Paul Criswell filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on June 21, 2021, while incarcerated in the Saline County Detention Center ("SCDC") (Doc. No. 1).  The Court granted Criswell's application to proceed *in forma pauperis* and directed him to amend his complaint to describe how each named defendant was involved in the violation of his rights and how he was injured

as a result (Doc. No. 10).  Criswell was informed that ***only claims properly set out in his amended complaint*** would be allowed to proceed.  *Id.* Criswell filed an amended complaint clarifying his claims (Doc. No. 22) and later notified the Court that he had been released from jail (Doc. No. 23).  For the reasons set forth herein, the undersigned recommends that Criswell's complaint be dismissed as moot.

## I.  Screening Standard

Federal law requires courts to screen prisoner complaints.  28 U.S.C. § 1915A, 1915(e)(2).  Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served.   28 U.S.C. § 1915A, 1915(e)(2).  Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .").  While construed liberally, a *pro se* complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.

## II.  Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983.  Criswell alleges that the defendants did not implement proper measures to control the spread of the Covid-19 virus at the SCDC.  Doc. No. 22.  He alleges that the named defendants did not wear protective gear; did not quarantine new detainees; did not distribute protective gear or hand sanitizer to detainees; allowed individuals with Covid-19 to work at the SCDC; and/or allowed detainees with Covid-19 to remain in the general population at the SCDC.  *Id.* at 1-2, 10-12. Criswell does not allege that he contracted the Covid-19 virus or has suffered any Covid-19 symptoms.  *Id.*  He claims that the defendants' actions violated the Eighth Amendment's prohibition on cruel and unusual punishment, and he seeks injunctive relief in addition to compensatory and punitive damages.  *Id.* at 2 & 13.

Pretrial detainees' claims are evaluated under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment.  *See Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004).  However, pretrial detainees are entitled to at least as much protection under the Fourteenth Amendment as under the Eighth Amendment.  *See id.* (citing *Spencer v. Knapheide Truck Equip. Co.,* 183 F.3d 902, 906 (8th Cir. 1999)); *see also Davis v. Hall,* 992 F.2d 151, 152–53 (8th Cir. 1993)

(per curiam) (applying deliberate indifference standard to pretrial detainee's claims of inadequate medical care).  The Eighth Amendment requires prison officials to protect inmates from a substantial risk of harm to their health.  *Helling v. McKinney*, 509 U.S. 25, 33 (1993).  To prove an Eighth Amendment violation, a plaintiff must show (1) an "objectively, sufficiently serious" deprivation, meaning that he was incarcerated under conditions posing a substantial risk of serious harm, and (2) that the defendant was deliberately indifferent to the substantial risk of serious harm. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994); *Schoelch v. Mitchell*, 625 F.3d 1041 (8th Cir. 2010).

The Court finds that Criswell describes sufficient facts to describe a substantial risk of harm at the SCDC during the Covid-19 virus outbreak.  However, because he has since been released, he is no longer subject to those conditions.  His request for injunctive relief is therefore moot.  *See generally Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985) ("[A] prisoner's claim for injunctive relief to improve prison conditions is moot if he or she is no longer subject to those conditions.").  And because Criswell does not allege he contracted the Covid-19 virus as a result of the allegedly unsafe conditions at the SCDC and is no longer subject to those conditions, he lacks standing.  "Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation."  *Irving v. Dormire*, 519 F.3d 441, 448

(8th Cir. 2008) (citing *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978)); *see also Johnson v. State of Mo.*, 142 F.3d 1087, 1088 (8th Cir. 1998) ("'To establish standing, a party must, at a minimum, have suffered an 'injury-in-fact,' fairly traceable to the defendant's conduct, which is likely to be redressed by a favorable decision.'") (quoting *Brouhard v. Lee*, 125 F.3d 656, 661 (8th Cir. 1997)); 42 U.S.C. § 1997e(e) (requiring a prisoner to show an actual physical injury as opposed to mental or emotional injury to sustain a claim for compensatory damages).

### III.  Conclusion

For the reasons stated herein, it is recommended that:

1.      Criswell's claims be dismissed as moot and for lack of standing.

2.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 21st day of October, 2021.

_____
UNITED STATES MAGISTRATE JUDGE